IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA CONLON,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 3:25-cv-01519-S-BT |
| H&K INTERNATIONAL, INC.,<br>    Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patricia Conlon initiated this employment discrimination action against H&K International on June 13, 2025. *See generally* Compl. (ECF No. 1). During the pendency of this action, Plaintiff became incarcerated at the Dallas County North Tower Detention Facility for an unrelated criminal matter. *See* Order at 2 (ECF No. 24); Mot. to Adjourn Conference and Stay Proceedings at 1 (ECF No. 13). Thereafter, the District Judge found good cause to allow Plaintiff's attorneys to withdraw on October 21, 2025. Order at 1 (ECF No. 22).

Since the withdrawal of her attorneys, Plaintiff has not taken any action in this matter and has failed to keep the Court apprised of her current address. For example, the Court ordered the parties to submit a report regarding a proposed schedule by January 9, 2026. Order at 1 (ECF No. 24). Plaintiff did not comply with the Court's order, and accordingly, the Court entered an Order to Show Cause ordering Plaintiff "to show cause in writing by **February 4, 2026**, as to why she should not be sanctioned for failing to comply with the Court's order requiring her

1

to file a report." Order at 1 (ECF No. 26) (emphasis in original). As of the date of this order, Plaintiff has not responded to the Court's Order to Show Cause.

Although the Court ordered Plaintiff to keep the Court apprised of her address, documents that the Court has tried to send Plaintiff have been returned as undeliverable. *See* Order at 2–3 (ECF No. 24); Mail Returned (ECF No. 27) (indicating that Plaintiff is no longer detained at the Dallas County Jail). Further, the Court warned Plaintiff that "[f]ailure to file [a notice of change of address] may result in the dismissal of Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Order at 2–3 (ECF No. 24). For the foregoing reasons, the District Judge should DISMISS this case without prejudice under Federal Rule of Civil Procedure 41(b).

## *Legal Standard and Analysis*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–42 (5th Cir. 2016) (failure to comply with court order); *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*,

370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding pro se, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

Here, in contravention of the local rules of this Court, Rule 41(b), and the Court's orders, Plaintiff has failed to comply with Court orders and keep the Court apprised of her address. Given these circumstances, this case cannot proceed because the Court cannot communicate with Plaintiff. As a result, the Court should dismiss Plaintiff's case without prejudice for failure to prosecute and failure to follow court orders. *See Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) (Ray, J.) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes.") (citing *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007)), *adopted by* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (O'Connor, J.); N.D. Tex. Loc. Civ. R. 1.1 (c)(2), 83.13, & 83.14; Order at 2–3 (ECF No. 24).

### *Recommendation*

The District Judge should DISMISS Plaintiff's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. If Plaintiff updates her address before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED.**

April 8, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

4